**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jeremy Frank Eldridge,<br><br>Defendant. | No. CR-03-00495-001-TUC-CKJ (NFF)<br>CR-03-00558-CKJ-JR-1<br>CR-06-01746-CKJ-HCE-1<br><br>**ORDER** |

Before the Court is Defendant Jeremy Frank Eldridge's Motion to Restore Civil Disabilities Pursuant to 18 USC 925(C). (Doc. 27)[1] For the reasons that follow, Eldridge's motion is denied, and this case remains closed.

## BACKGROUND

Jeremy Eldridge has a short but extensive rap sheet. From 1999 through 2006, Eldridge was a prolific shoplifter, drug user, and thief, who was frequently in and out of the state and federal criminal justice system. He was before this Court on at least three occasions and served time in federal prison for theft or receipt of stolen mail and possession of a forged and counterfeited U.S. Postal Service arrow key, *see* 03-CR-495-001-TUC-CKJ (NFF), possession of a firearm by a convicted felon, *see* 03-CR-558-CKJ-JR-1, and possession of stolen mail, *see* 06-CR-1746-CKJ-HCE-1. Eldridge files the motion at hand requesting that the Court restore his Second Amendment right to keep and bear arms.

---

[1] Defendant filed identical motions in all three of his underlying criminal cases. The Court cites only to the docket in case # 06-cr-1746-CKJ-HCE-1.

## PROCEDURAL HISTORY

On February 9, 2022, Eldridge filed his Motion to Restore Civil Disabilities Pursuant to 18 USC 925(C). (Doc. 27)  On March 10, 2022, the Government filed its Response to Defendant's Motion to Restore Civil Disabilities. (Doc. 31)  This Order follows.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Because federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside the jurisdiction of federal courts unless proven otherwise." *Khalaj v. United States*, 474 F. Supp. 3d 1029, 1032 (D. Ariz. 2020) (citing *Kokkonen*, 511 U.S. at 377)).  "[T]he plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp.*, 236 F.3d at 499.

## DISCUSSION

Eldridge brings the motion at hand highlighting factors which he thinks should affect his ability to regain the right to bear arms. (Doc. 33 at 2)  Eldridge states that since his release in 2014, he has paid restitution to the State of Arizona, regained the right to vote, bought a home, got married, and now has a granddaughter. *Id.* at 2.  Eldridge argues that he wants to be able to hunt again and to protect his family and that he is willing to pay fees and submit to any reasonable investigation that the Court deems fit. *Id*. at 3.  In response, the Government argues that the Court should dismiss Eldridge's request because the Court lacks subject matter jurisdiction over the restoration of his Second Amendment rights. (Doc. 37)  The Court agrees with the Government and denies Eldridge's request.

Because Eldridge is a convicted felon, he is prohibited by federal law from possessing, distributing, or receiving firearms or ammunition. *See* 18 U.S.C. § 922(g)(1).

However, 18 U.S.C. § 925(c) offers an avenue for relief to convicted felons like Eldridge. It provides that "[a] person who is prohibited from possessing … firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws …. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial."  It appears that the Attorney General has delegated to the ATF the exclusive authority to act on petitions brought under § 925(c). *See* 27 C.F.R. § 478.144.  In terms of a district court's role in the disability restoration process, the Supreme Court has instructed that "[i]naction by ATF does not amount to a 'denial' within the meaning of § 925(c)," and that "an actual decision by ATF on an application is a prerequisite for judicial review[.]"  *United States v. Bean*, 537 U.S. 71, 75-76 (2002).  The court concluded that "mere inaction by ATF does not invest a district court with independent jurisdiction to act on an application."  537 U.S. at 76; *see also Kelerchian v. Bureau of Alcohol Tobacco Firearms & Explosives*, No. 20-3065, 2021 WL 2910934, at *2 (3d Cir. July 12, 2021) (internal quotation marks and citation omitted) ("[T]he holdings of *Bean* and *Pontarelli* are limited to cases where a district court is asked to review an application and decide whether an applicant is likely to act in a manner dangerous to public safety without the benefit of a prior ATF decision.").

Here, Eldridge concedes that he "still [has] not heard back from the Bureau or received [his] application back in the mail." (Doc. 33 at 2).  Noting that he has failed to receive an official denial from the ATF and astutely observing that Congress has repeatedly precluded appropriations for the processing of federal firearm disability applications,[2] Eldridge asks that this Court conduct a "reasonable investigation" and restore "the civil rights that [he has] lost because of [his] felony conviction. *Id*. at 3.  The Court lacks the jurisdiction to fulfill Eldridge's request, as an independent federal agency has been

---

[2] *See* Consolidated Appropriations Act, 2022, Pub. L. No. 117-103, 136 Stat 49, 118 (2022) ("*Provided*, That none of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under section 925(c) of title 18, United States Code[.]").

delegated to that task. *See Bean*, 537 U.S. at 77 ("Th[e] broad authority of … ATF, to grant or deny relief, even when the statutory prerequisites are satisfied, shows that judicial review under § 925(c) cannot occur without a dispositive decision by ATF."). Accordingly, Eldridge's motion(s) to restore civil disabilities is denied, and these cases remain closed.

**IT IS ORDERED:**

1. Defendant's Motion(s) to Restore Civil Disabilities Pursuant to 18 USC 925(C) (Doc. 33) in 03-CR-495-CKJ-NFF-1; (Doc. 36) in 03-CR-558-CKJ-JR-1; and (Doc. 27) in 06-CR-1746-CKJ-HCE-1 are DENIED.

2. These cases remain closed.

3. The Clerk of Court is instructed to mail a copy of this Order to following address:

**Jeremy Eldridge**
**6580 E. Calle Cappela**
**Tucson, AZ 85710**

Dated this 1st day of April, 2022.

Honorable Cindy K. Jorgenson
United States District Judge